United States District Court
Southern District of Texas
**ENTERED**
June 18, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Lawrence Higgins, | § | |
| | § | |
| Plaintiff, | § | |
| versus | § | Civil Action H-13-2419 |
| | § | |
| Richard Morris, et al., | § | |
| | § | |
| Defendants. | § | |

## Opinion on Final Judgment

Lawrence Higgins says that the defendants retaliated against him by placing him in a more stringent housing classification. The defendants move for summary judgment because the relief Higgins requests is moot and the defendants are entitled to qualified immunity. Higgins says that he also requested monetary damages and that the defendants are not entitled to qualified immunity.

In February 2013 a prison officer ordered Higgins to give a urine sample. The sample tested positive for marijuana. He was found guilty of marijuana possession in a prison disciplinary hearing. A classification committee changed his custody from level G-2 to G-4. Defendant Navarrete, who was responsible for approving the urine test, did not sign the documentation for the test when the guard took the urine sample. Higgins filed a successful grievance about the marijuana test and the prison overturned the disciplinary case as a result.

The prison reheard the disciplinary case and Higgins was found guilty again. Navarrete now ran the classification committee that determined Higgins's custody status. Navarrete asked Betty Germany during the hearing what the committee usually does in similar cases. Germany said that prisoners normally receive G-4 medium custody. Defendant Jones, the third committee member,

1

agreed that G-4 medium custody was the typical result. According to Higgins's sworn statement, Navarrete said, "I remember this case now, this is the one where [Higgins] filed a grievance and the case was overturned because I forgot to sign the paperwork. . . . I guess we are going to leave you as you were originally put for the case on G-4 medium custody, but let the record show[] that I would have rather put you in closed custody for all this trouble." Jones then said, "[o]h, wait a minute, I want to change my vote to G-5 closed custody." Higgins objected because the original classification committee determined to place him in G-4 custody and Navarrete responded by saying, "you're the one who filed a grievance[,]" and Jones added, "file another grievance."

    Higgins says Navarrete retaliated against him for filing the grievance that overturned his original disciplinary case. He says that Navarrete, the person responsible for making the error, retaliated against him by voting to place him in G-5 custody. Higgins says that Navarrete caused Jones to change her vote from G-4 to G-5 classification. Higgins requests that he be returned to G-2 custody in his original complaint. Higgins requested compensatory and punitive monetary relief in an amended complaint. Higgins did not allege additional facts and said that he did not change his complaint as to why he should be awarded relief. Higgins says that in G-5 custody prisoners are more violent and are regularly gas bombed for their violent outbursts.

    A court may grant summary judgment if the pleadings and evidence submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A prisoner may recover compensatory damages for a civil rights claim under § 1983 if the prisoner suffers a de minimis physical injury. Punitive damages may be awarded without a showing of injury but only when the defendant's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights. Reckless or callous indifference to a person's constitutional rights requires showing a subjective conscious risk of injury or illegality and a criminal indifference to the defendant's civil obligations.

    The record shows that Higgins's requested relief in his original complaint

is moot and that he is not entitled to compensatory or punitive relief. The record shows that Higgins's classification level changed to G-5 custody based on the disciplinary case. The record shows that Higgins's classification level returned to G-2 in August 2014. Higgins's classification level has not changed since he was returned to G-2. The record also shows that Higgins does not allege or support a physical injury. Higgins does say that G-5 classification inmates are more violent and that they are gas bombed more often but he does not say that he has been injured by the change in classification or otherwise show any physical injury.

The record also does not show that Higgins may be awarded punitive damages because Higgins's statements do not show that any retaliation by Navarrete or Jones was based on a subjective conscious risk of injury or illegality to Higgins or a criminal indifference to their civil obligations. Higgins says that Navarrete remembered him sometime during the classification hearing. Higgins only says that Navarrete wanted to place him in a higher classification but that Higgins would be in G-4 custody again. Higgins also says that Jones only wanted to change her decision at the end. The record does not show that Navarrete or Jones entered the hearing with the intent to retaliate against him. In fact, Higgins's statements suggest that Navarrete accepted that Higgins would be in G-4 custody and did not try to persuade Jones or Germany to change their decision. Higgins's statements and the record also indicates that Navarrete already decided that Higgins deserved G-5 custody when he made these statements. Higgins's statements do not show that any retaliation by Navarrete or Jones was based on an evil intent even assuming his statements are true. Higgins's statements show at most that the defendants were vindictive.

The defendants's motion for summary judgment is granted. (114) Higgins's complaint will be dismissed with prejudice.

Signed at Houston, Texas, on _____06 · 18_____, 2020.

Lynn N. Hughes
United States District Judge